IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANTON J. THOMPSON, #N-03882, )<br> )<br>  Plaintiff,   )<br> )<br>vs.   )<br> )<br>JAMES DAVIDSON, et al.,   )<br> )<br>  Defendants.   ) | CIVIL NO. 10-cv-455-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This action was originally filed in the Central District of Illinois, No. 10-cv-1126, on May 5, 2010, and Plaintiff's Motion to Proceed *In Forma Pauperis* was granted by that court on May 10, 2010. Later, the Central District ordered transfer of the case to the Southern District on the basis that venue properly lies in this district.

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Thompson v. Quinn*, Case No. 10-cv-1101 (C.D. Ill., filed March 22, 2010); *Thompson v. Quinn*,

Case No. 10-cv-1082 (C.D. Ill., filed April 1, 2010); *Thompson v. Hardy*, Case No. 10-cv-3088 (N.D. Ill., filed May 19, 2010.

The Court has reviewed the allegations in the complaint: an eight-page pleading against four defendants. Plaintiff complains that he was sexually assaulted on two occasions in August, 2007, by a fellow inmate, and that the Defendants-prison officials refused to take any action when he complained to them of the assault. Plaintiff alleges that he exhausted his administrative remedies through the prison grievance procedure, but failed to include any documentation or relevant dates as to when such remedies were exhausted.

It is notable that this claim arose over three years ago, while Plaintiff was incarcerated in Southwestern Correctional Center, yet Plaintiff is no longer in that institution (and filed the action after he had been transferred to Pontiac Correctional Center; see Doc. 1). None of the Plaintiff's allegations support a finding that Plaintiff is under imminent danger of serious physical injury.

Accordingly, the motion for leave to proceed *in forma pauperis* previously granted by the Central District of Illinois is now **DENIED**, and the motion for appointment of counsel is **DENIED**. This action is **DISMISSED** without prejudice to Plaintiff bringing these claims in a fully pre-paid complaint.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:    1/24/2011

s/ J. Phil Gilbert
**U.S. DISTRICT JUDGE**